IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEVEN MORGAN, )<br>　　　Petitioner, )<br>　vs. )<br>RODNEY K. MITCHELL, Sheriff, )<br>　　　Respondent. )<br>_____ ) | No. C 07-6477 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner currently incarcerated at the Lake County Jail on a parole violation, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1998 conviction from Lake County superior court.

**BACKGROUND**

Petitioner was convicted by a jury of one count of annoying a child under 18 with a similar prior conviction and two counts of contributing to the delinquency of a minor. Petitioner admitted that he had suffered a prior felony "strike" conviction and, on July 31, 2998, he was sentenced to 12 years in state prison pursuant to California's Three Strikes Law.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which denied review on October 20, 1999. He also unsuccessfully sought collateral relief from the state courts until he filed the instant federal habeas petition on December 27, 2007.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Claims

Petitioner seeks federal habeas corpus relief based on several claims of ineffective assistance of counsel, including that counsel failed to confer with petitioner to elicit matters of defense and failed to investigate viable defenses such as lack of required mental state. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney for this habeas matter, the Attorney General of the State of California. The clerk also

2

1    shall serve a copy of this order on petitioner.

2        2.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

    4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:   April 18, 2008

CHARLES R. BREYER
United States District Judge