EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MICHAEL D. O'REILLEY, State Bar No. 72144
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5965
  Fax:  (415) 703-1234
  Email:  Michael.Oreilley@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN STEVEN MORGAN,** | C 07-6477 CRB (PR) |
| Petitioner, | **MOTION TO DISMISS PETITION AS UNTIMELY** |
| v. | |
| **RODNEY K. MITCHELL,** | |
| Respondent. | |

## INTRODUCTION

Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as provided in 28 U.S.C. § 2244(d).

A motion to dismiss in lieu of an answer on the merits is proper when a petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint). We have not noticed a hearing date

1  because petitioner is an incarcerated state prisoner who is representing himself.

**STATEMENT OF THE CASE**

By an information filed on May 16, 1998 in Lake County Superior Court, the district attorney charged petitioner John Steven Morgan with: (1) annoying or molesting a child under the age of 18 years, in violation of California Penal Code section 647.6(a)[1]; (2) contributing to the delinquency of a minor in violation of section 272; and (3) contributing to the delinquency of a minor. A prior conviction of lewd and lascivious acts with a child under 14 years, in violation of section 288(a), was also alleged in connection with count 1. *See* § 647.6(c)(1). Exhibit 1 at 54. On July 8, 1998, a trial jury found petitioner guilty as charged. Exhibit 1 at 101-04. Petitioner then admitted the prior. Exhibit 1 at 101.

On July 31, 1998, pursuant to § 1170.12(c)(1), the trial court sentenced petitioner to a state prison term of 12 years. Exhibit 1 at 122-24.

Petitioner filed an opening brief in the state Court of Appeal on February 10, 1999 (A084106). Exhibit 2. In his brief, petitioner raised the following issues:

(1) Admission at trial of evidence of petitioner's character was erroneous and prejudicial.

(2) Dual use of petitioner's prior conviction to elevate his offense to a felony and to double his sentence under the "Three Strikes" law constituted cruel and unusual punishment.

(3) The trial court incorrectly calculated petitioner's pre-sentence custody credits.

Respondent filed a brief in opposition on April 26, 1999 (A084106). Exhibit 3. Respondent's brief argued petitioner's first two contentions were without merit but conceded the pre-sentence custody credits issue. That issue was resolved by the trial court in petitioner's favor before the Court of Appeal issued its decision. *See* Exhibit 9 at 1.

Petitioner filed a reply on May 17, 1999 (A084106). Exhibit 4.

Petitioner filed a petition for writ of habeas corpus in the Court of Appeal on May 17, 1999 (No. A086905). Exhibit 5. The petition raised the following issue:

(1) Petitioner was denied his right to the effective assistance of counsel by counsel's

---

1. All statutory references are to the California Penal Code unless otherwise stated.

Mot. To Dismiss Petition As Untimely           *Morgan v. Mitchell*
                                                C 07-6477 CRB (PR)

2

1  failure to object to inadmissible and prejudicial evidence.

2  The petition was denied on May 19, 1999.  Exhibit 6.

3  Petitioner filed another petition for writ of habeas corpus in the Court of Appeal on June
4  23, 1999.  Exhibit 7.  That petition raised the following issues:

5  (1)  Petitioner was denied his right to the effective assistance of counsel by counsel's
6  failure to object to inadmissible and prejudicial evidence.

7  (2)  Denial if a petition for writ of habeas corpus based on *In re Swain*, 34 Cal.2d 300
8  (1949) is not a ruling on the merits.

9  The petition was denied on June 30, 1999.  (No. A087361).  Exhibit 8.

10  The Court of Appeal issued a decision on petitioner's appeal on August 4, 1999, affirming
11  the judgment of conviction and sentence.  Exhibit 9.

12  On September 13, 1999, petitioner filed a petition for review in the California Supreme
13  Court.  (No. S082280).  Exhibit 10.  In his petition for review, the following issues were raised:

14  (1)  Evidence of defendant's statement concerning a character trait is inadmissible when
15  attenuated in time and circumstance from the events at issue.

16  (2)  Use of petitioner's prior conviction to elevate his offense to a felony and to double
17  his sentence under the "The Strikes" law violates California and federal proscriptions against cruel
18  and unusual punishment.

19  The Supreme Court denied the petition on October 20, 1999 (No. S082280).  Exhibit 11.

20  On October 10, 2000, petitioner filed a petition for writ of habeas corpus with the Lake
21  County Superior Court (No. CR-4842-ZZ), which was denied on November 3, 2000.  Exhibits 12,
22  13.

23  Petitioner raised the following issues concerning ineffective assistance of counsel in the
24  writ petition:

25  (1)  His trial attorney did not interview petitioner to learn his story, nor did the attorney
26  take a full and complete statement from him.

27  (2)  His trial attorney did not inform petitioner what the requirements were for a finding
28  of guilt.

1   (3) His attorney did not put him on the stand to testify on his own behalf.

2   (4) His attorney used the alleged victim's story as a basis for closing argument apparently
3   to make petitioner not look like such a bad guy in an effort to obtain a lighter sentence rather than
4   trying to prove innocence.

5   On September 6, 2002, petitioner filed a motion for a new trial in the Lake County
6   Superior Court. Exhibit 14. Petitioner asserts the petition was denied "a short time later." Pet. at
7   8. The Lake County Superior Court states it cannot locate a copy of the denial order. The new trial
8   motion raises the following issues:

9   (1) An error denied petitioner the right to a fair trial.

10  (2) Petitioner had no earlier opportunity to raise the issue. Pet. at 8; Exhibit 10 at 2.

11  Petitioner claims he filed another petition for writ of habeas corpus in the Lake County
12  Superior Court on December 10, 2006. He states it was denied on February 23, 2007. The court
13  has informed respondent that it cannot locate the petition or denial order. In the petition, petitioner
14  says he raised the following issues:

15  (1) Ineffective assistance of counsel in that his trial attorney failed to argue a viable and
16  existent defense—a lack of mental state.

17  (2) Prosecutorial misconduct in that the prosecutor lied to the jury about case factors in
18  closing argument.

19  (3) Ineffective assistance of counsel in that his trial attorney failed to object to erroneous
20  and prejudicial evidence that petitioner was intoxicated during a taped telephone conversation and
21  mis-spoke in his statement. Pet. at 8-9.

22  On June 16, 2008, petitioner filed a third petition for writ of habeas corpus in the state
23  Court of Appeal (No. A121798). Exhibit 15. He raised the following issues:

24  (1) Ineffective assistance of counsel in that his trial attorney failed to consult with
25  petitioner as often as necessary to elicit matters of defense; failed to investigate all defenses resulting
26  in a withdrawal of a crucial defense; and failed to display diligence and competence resulting in the
27  reduction of the trial to a farce and a sham.

28  The writ petition was denied on June 25, 2008. Exhibit 16.

In his federal habeas petition filed in this court on December 27, 2007, petitioner raises several claims of ineffective assistance of counsel, including that his trial attorney failed to confer with petitioner to elicit matters of defense and failed to investigate viable defenses such as mental state.

We explain below why the petition fails to comply with the deadline provided by 28 U.S.C. § 2244(d)(1)(A).

**ARGUMENT**

**THE PETITION IS UNTIMELY**

Because petitioner filed his habeas petition with this court on December 27, 2007, his case is governed by the provisions of AEDPA *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Before passage of AEDPA, state prisoners virtually had unfettered discretion regarding when to initiate a federal habeas action. Under AEDPA, a one-year statute of limitations was imposed. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation begins to run for state prisoners from the date upon which the judgment becomes final. 28 U.S.C. § 2244(d)(1). AEDPA's one-year statute of limitations period is constitutional. *Green v. White*, 223 F.3d 1001 (9th Cir. 2000). AEDPA provides for tolling of this one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Here, petitioner's conviction became final on January 18, 2000, 90 days after the California Supreme Court denied direct review (10-20-99). *See* 28 U.S.C. § 2244(d)(1); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Absent tolling, his federal petition was due by January 18, 2001.

Petitioner filed a petition for writ of habeas corpus on October 10, 2000 with the Lake County Superior Court which was denied on November 3, 2000. Accordingly, we concede petitioner is entitled to a tolling period of 24 days from October 10, 2000 to November 3, 2000. However, 264 days expired between the finality of his judgment of conviction and his filing of the writ petition in state court, which means, without further tolling he had 101 days left to file his federal habeas petition.

Mot. To Dismiss Petition As Untimely                                                                *Morgan v. Mitchell*
                                                                                                      C 07-6477 CRB (PR)

1    Petitioner next filed a motion for a new trial in the Superior Court on September 6, 2002,
2 which was "denied a short time later." He next claims to have filed an additional habeas petition
3 in the Superior Court on December 10, 2006 (allegedly denied 2-23-07). Assuming these
4 contentions are true, whatever the dates of denial of the motion and petition, these filings do not
5 entitle him to any further tolling of the statute if limitations. Even after extending the limitations
6 period by 24 days for the first superior court petition, the federal petition was then due by February
7 11, 2001. The limitations period expired when petitioner failed to file any additional state collateral
8 challenges before that date. His subsequent superior court filings in 2002 and 2006 did not revive
9 or further toll the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section
10 2244(d) does not permit the reinitiation of the limitations period that has ended before the state
11 petition was filed").

12    In addition, tolling does not apply. Tolling does not apply to periods between petitions
13 that do not form part of a progressive series from the Superior Court to the Court of Appeal, and to
14 the California Supreme Court. In *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999), the Ninth
15 Circuit made clear that the limitations period "remains tolled during the intervals between the state
16 court's disposition of a state habeas petition and the filing of a petition at the next appellate level."
17 In other words, statutory tolling is available for periods between the state habeas petitions when the
18 petitions comprise "one complete round of the State's established appellate review process." *Id*. at
19 1005; *see also Delhomme v. Ramirez*, 340 F.3d 817, 821, n.3 (9th Cir. 2003) ("The crucial issue for
20 tolling purposes is whether the petitioner has timely proceeded to the next appellate level, since the
21 one-year filing period is tolled to allow the opportunity to complete one full round of review.")
22 (quotations omitted); *id*. at 820 (noting that in *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.
23 2003), the "petitioner kicked off a new round of collateral review when he filed a non-ascending
24 petition.") (quotations omitted); *id*. ("an application for post-conviction relief is pending during the
25 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.'")
26 (emphasis in original) (quoting *Carry v. Saffold*, 536 U.S. 214-223 (2002)); *see also Rowe v.*
27 *LeMaster*, 225 F.3d 1173, 1175 (10th Cir. 2000) (no tolling between successive petitions). Here,
28 petitioner did not file an "ascending" petition until June 16, 2008, when he filed another petition

Mot. To Dismiss Petition As Untimely                                          *Morgan v. Mitchell*
                                                                              C 07-6477 CRB (PR)

1 in the Court of Appeal, more than seven years after the denial of his petition in the Lake County
2 Superior Court.
3       Because petitioner did not file his petition in this Court until December 27, 2007, it was
4 more than seven years beyond the deadline. Accordingly, the petition must be dismissed with
5 prejudice.
6       A petition that is wholly unexhausted must be dismissed. *Coleman v. Thompson*, 501 U.S.
7 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be
8 dismissed if the prisoner has not exhausted available state remedies as to *any* of his federal claims"),
9 emphasis added; *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court
10 determines that a habeas petition contains only unexhausted claims, it need not inquire further as to
11 the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to
12 exhaust.").

### CONCLUSION

14       Accordingly, the claims in the instant petition for writ of habeas corpus should be denied
15 both as untimely and as unexhausted under the AEDPA.

16       Dated:  August 15, 2008

17                       Respectfully submitted,

18                       EDMUND G. BROWN JR.
                      Attorney General of the State of California

19                       DANE R. GILLETTE
                      Chief Assistant Attorney General
20
                      GERALD A. ENGLER
21                       Senior Assistant Attorney General

22                       PEGGY S. RUFFRA
                      Supervising Deputy Attorney General
23

24
                      /s/  Michael D. O'Reilley
25
                      MICHAEL D. O'REILLEY
26                       Deputy Attorney General
                      Attorneys for Respondent
27
SF2008401390/20131369.wpd
28

Mot. To Dismiss Petition As Untimely                                             *Morgan v. Mitchell*
                                                                                   C 07-6477 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Morgan v. Mitchell**

No.:    **C 07-6477 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 15, 2008, I served the attached **MOTION TO DISMISS PETITION AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

John Steven Morgan
#46144
P. O. Box 4183
Clearlake, CA 95422
(Pro Per)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 15, 2008, at San Francisco, California.

|  Nelly Guerrero  |  /s/ Nelly Guerrero  |
|:-:|:-:|
| Declarant | Signature |

20132056.wpd