**EXHIBIT 4**

IN THE COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION ONE

PEOPLE OF THE STATE OF CALIFORNIA, )
)
    Plaintiff and Respondent, )   No. A084106
)
                              v. )   Lake County
)   No. CR-4609
JOHN S. MORGAN, )
)
    Defendant and Appellant. )
_____ )

## APPELLANT'S REPLY BRIEF

Appeal from the Judgment of
the Superior Court of the State of California
County of Lake

HONORABLE ARTHUR H. MANN, JUDGE

                                        Judy Behrendt
                                        Attorney at Law
                                        State Bar Number 121763
                                        845 Jefferson Street
                                        Napa, California 94559
                                        Telephone: (707) 252-2001

                                        Counsel for Appellant
                                        by Appointment of the
                                        Court of Appeal under the
                                        First District Appellate Project
                                        Assisted Case System

IN THE COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) <br> ) <br> Plaintiff and Respondent, ) <br> ) <br> v. ) <br> ) <br> JOHN S. MORGAN, ) <br> ) <br> Defendant and Appellant. ) <br> _____ ) | No. A084106 <br><br> Lake County <br> No. CR-4609 |

## APPELLANT'S REPLY BRIEF

Appeal from the Judgment of
the Superior Court of the State of California
County of Lake

HONORABLE ARTHUR H. MANN, JUDGE

                                        Judy Behrendt
                                        Attorney at Law
                                        State Bar Number 121763
                                        845 Jefferson Street
                                        Napa, California 94559
                                        Telephone: (707) 252-2001

                                        Counsel for Appellant
                                        by Appointment of the
                                        Court of Appeal under the
                                        First District Appellate Project
                                        Assisted Case System

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ........................................................................................ 1

    I.    EVIDENCE OF APPELLANT'S CHARACTER
         SHOULD HAVE BEEN EXCLUDED AT TRIAL ........ 1

         A. Appellant's statement, attenuated both in time
         and in situation from the offense, was inadmissible
         character evidence .......................................................... 1

         B. Statements of Officer Grossi during his telephone
         conversation with appellant were highly prejudicial ..... 3

    II.   THE SAME PRIOR CANNOT BE USED BOTH AS
         A "STRIKE" AND AS THE BASIS FOR ELEVATING
         A MISDEMEANOR VIOLATION OF PENAL CODE
         SECTION 647.6 TO A FELONY ..................................... 6

    III.  TIME CREDITS ADJUSTMENT ................................. 8

CONCLUSION ..................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*People* v. *Allen* (1976) 65 Cal.App.3d 426 ............................................................................ 2

*People* v. *Coronado* (1995) 12 Cal.4th 145 .......................................................................... 6

*People* v. *Hamilton* (1985) 41 Cal.3d 408 ............................................................................ 2

*People* v. *Smith* (1984) 151 Cal.App.3d 89 ......................................................................... 1

*Riggs* v. *California* 99 C.D.O.S. 500 .................................................................................. 7

## STATUTES

Evidence Code section 1101 .................................................................................................. 1

Penal Code section 647.6, subdivision (c) ............................................................................ 6

## OTHER AUTHORITIES

CALJIC 16.440 ....................................................................................................................... 5

# ARGUMENT

## I. EVIDENCE OF APPELLANT'S CHARACTER SHOULD HAVE BEEN EXCLUDED AT TRIAL.

**A. Appellant's statement, attenuated both in time and in situation from the offense, was inadmissible character evidence.**

Respondent argues that appellant's statement that he was a "male pedophile" was relevant to the issue of whether he had the requisite intent at the time of the offense. Appellant's statement was made five months after the offense occurred. The statement was made to officers during a probation search of his home and was unrelated to an investigation of this offense or any offense. Following respondent's logic, the prosecution could pull out statements made to police during prior investigations of other crimes and argue that these are relevant to a "continuing mental state." Appellant's <u>propensity</u> to commit crimes is precisely the type of evidence which is excluded under Evidence Code section 1101. Character evidence is excluded because of its highly prejudicial nature and the tenuousness of drawing inferences from such evidence to an individual's conduct on a particular occasion.

Respondent argues that a defendant's statement may be admitted to prove mental state. Respondent cites *People v. Smith* (1984) 151 Cal.App.3d 89[1], in which the defendant, charged with assault on a police officer, stated to the

---

[1] Respondent also provides a cite to *People v. Singh* for this proposition. This case can not be located at the cite provided.

1

transporting officer following his arrest that he would have "done [the officer] in" had the officer not pulled his gun. Clearly, a statement made directly following an offense relating to what occurred during the offense is distinguishable from appellant's statement made months after the offense in a context completely unrelated to that offense.

As argued in Appellant's Opening Brief, a defendant's statements can constitute inadmissible character evidence. (*People v. Allen* (1976) 65 Cal.App.3d 426) Respondent's reference to *People v. Hamilton* (1985) 41 Cal.3d 408, 428, is misplaced. In *Hamilton*, the defendant, who was charged with murder, had the following exchange with a deputy sheriff while being transported to court for the offense:

| | |
|---|---|
| Defendant: | All right, you have your fun, I'll have mine later. |
| Deputy Sheriff: | I thought you already had your fun. |
| Defendant: | Yeah, and I'll kill a lot more, too, and you may be first on my list. |

The defendant's statement in *Hamilton* was made in a context in which it could clearly be taken as an admission to the crime. Appellant's statement, like the statement in *Allen*, "required too many levels of speculation to be construed as an admission of guilt." (*People v. Hamilton, supra*, 41 Cal.3d at p. 428)

Appellant's statement that he was "a male pedophile" was not an admission relating to the offense for which he was on trial. It was attenuated from the

2

offense both in time and context. This highly prejudicial evidence was tenuously probative at best and should have been excluded.

**B. Statements of Officer Grossi during his telephone conversation with appellant were highly prejudicial.**

Respondent does not argue the admissibility of the testimony and statements by Officer Grossi which were addressed in Appellant's Opening Brief; instead, respondent argues that this evidence was of "no particular significance" and, therefore, not prejudicial.

With regard to Grossi's statement that he previously had appellant's telephone number, respondent argues that since there are a myriad of reasons why Grossi might have had his number, no negative inference was likely to have been drawn from this. (RB 10) Respondent evaluates this evidence in a vacuum, without consideration of how this evidence was likely to be received in light of other evidence heard by the jury. While Grossi *may* have previously had appellant's telephone number for some innocuous reason, any such inference was dispelled once the content of the phone conversation was admitted before the jury. During the telephone conversation, Officer Grossi made statements strongly inferring that appellant had a previous history of inappropriate contact with minors. These statements taken together would reasonably lead the jury to

speculate that Officer Grossi had appellant's telephone number because of prior illegal conduct on the part of appellant.

Respondent argues that because Grossi's statements were made during a conversation in which appellant made "critical admissions," objecting to these statements would have been pointless. Respondent maintains "it would have been futile to object to it in light of the damning admission made by appellant a few lines later." (RB 10) Thus, respondent seems to argue that appellant's attorney was not ineffective in failing to object to this inadmissible and prejudicial evidence because appellant's admission rendered all other evidence "meaningless." One could logically deduce from respondent's reasoning that in cases where a defendant makes "critical admissions," counsel for the defendant need do no more than sit silently at counsel table to be effective because anything else would be futile.

This evidence was inadmissible and prejudicial. Any competent counsel would have objected to its admission.

### C. Appellant was prejudiced.

Respondent argues briefly that appellant was not prejudiced by this inflammatory evidence because he acknowledged "his guilt" to his brother and the police. (RB 11) Appellant admitted to his brother and the police that he had stated to the victim he wanted to "go down" on him but appellant also told the victim that

he knew it was wrong and he wasn't going to do it. Thus, the evidence reflects statements that would not necessarily "unhesitatingly have disturbed or irritated a normal person if directed at that person." (CALJIC 16.440) The minor and appellant were friends; they had known each other for years without incidence. The ambiguities in the evidence could reasonably have been resolved in appellant's favor had prejudicial evidence that appellant was a pedophile and a repeat offender not been before the jury.

As discussed at length in Appellant's Opening Brief, given the extraordinary prejudice that this type of evidence reasonably engendered and the relative ambiguities and weaknesses of the case, it is reasonably probable that the outcome of the trial was adversely affected.

## II. THE SAME PRIOR CANNOT BE USED BOTH AS A "STRIKE" AND AS THE BASIS FOR ELEVATING A MISDEMEANOR VIOLATION OF PENAL CODE SECTION 647.6 TO A FELONY.

Appellant's current offense would constitute a misdemeanor except for the fact that he has a prior conviction within the meaning of Penal Code section 647.6, subdivision (c). This same prior conviction was used to double his sentence under the Three Strikes law. This was improper and resulted in a grossly disproportionate sentence. Respondent's argument that appellant's sentence is justified by his past criminal history does not stand up to scrutiny.

Appellant committed an offense that, in the absence of his prior conviction, would have subjected him to a maximum punishment of one year in county jail. His prior conviction elevated his offense to a felony with a maximum punishment of six years in prison. The very same prior conviction was used to double appellant's sentence to twelve years under the Three Strikes law. Given the conduct at issue, this result is disproportionate to appellant's offense.

The test as to a dual use violation is whether "it appears from the entire context that a violation of the special statute will necessarily or commonly result in a violation of the general statute." (*People v. Coronado* (1995) 12 Cal.4th 145, 154.) In this case, appellant's prior section 288 conviction makes what would otherwise be a misdemeanor into a felony and triggers the Three Strikes law. Under the reasoning of *Coronado*, such use is barred. Similarly, issues of double

jeopardy - use of the same act to impose multiple punishments - are implicated by using appellant's prior conviction to render his current offense a felony and then double his punishment.

The United States Supreme Court stated that "a serious question" is raised by the application of California's Three Strikes law to petty offenses. (*Riggs* v. *California* 99 C.D.O.S. 500) The Supreme Court, noting that California is the only state in which a misdemeanor could receive such harsh punishment, declined to rule on the issue until the lower courts had considered it.

As dual use of appellant's prior conviction resulted in the imposition of a grossly disproportionate sentence, appellant's sentence should be modified if his conviction is otherwise affirmed.

7

## CONCLUSION

Appellant's conviction should be reversed because highly prejudical evidence was erroneously admitted against him. Additionally, appellant's sentence requires modification because the dual use of his prior conviction resulted in a grossly disproportionate sentence.

Respectfully submitted,

Judy Behrendt
Counsel for appellant

# CERTIFICATE OF SERVICE BY MAIL

Re: <u>People v. Morgan</u>                                                                 A084106

    I, Judy Behrendt, declare that I am over eighteen years of age, and not a party to the within cause; my employment address is 845 Jefferson Street, Napa, California 94559. I served a true copy of the attached:

APPELLANT'S REPLY BRIEF

on each of the following, by placing same in an envelope (or envelopes) addressed (respectively) as follows:

| | |
|---|---|
| Office of the Attorney General<br>455 Golden Gate Ave., #6200<br>San Francisco, California 94102 | First District Appellate Project<br>730 Harrison St. Ste. 201<br>San Francisco, California 94107<br>Attn: Kathleen Kahn |
| Mr. John S. Morgan #P05991<br>Mule Creek State Prison<br>P.O. Box 409000 B6-106<br>Ione, CA 95640 | Office of the County Clerk<br>County of Lake - Courthouse<br>Lakeport, CA 95453<br>Attn: Honorable Arthur H. Mann |
| Stephen C. Carter<br>P.O. Box 1517<br>Lower Lake, CA 95457 | Office of the District Attorney<br>255 North Forbes Street<br>Lakeport, CA 95453 |

    Each envelope was then, on May 17, 1999, sealed and deposited in the United States Postal Service at Napa, California, in the county in which I am employed, with the first class postage thereon fully prepaid.
    I declare under penalty of perjury that the foregoing is true and correct.
    Executed at Napa, California, this 17th day of May, 1999.

                                                    */s/ Judy Behrendt*
                                                    Judy Behrendt