# EXHIBIT 7

Related Appeal No. A084106

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION ONE

In the matter of                                    )    No._____
                                                    )
                                                    )
                                                    )    Related Appeal Pending,
                                                    )    No. A084106 (Div. 1)
                                                    )    SF199980A1353 - Nive
                                                    )
John S. Morgan, Petitioner                          )
                                                    )
                        On Habeas Corpus. )
_____)

## PETITION FOR HABEAS CORPUS

Judy Behrendt
Attorney at Law
State Bar Number 121763
845 Jefferson St.
Napa, California 94559
Telephone: (707) 252-2001

Counsel for Petitioner by
Appointment of the Court of
Appeal under the First
District Appellate Project
Assisted Case System

Related Appeal No. A084106

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION ONE

| | | |
|---|---|---|
| In the matter of | ) | No._____ |
| | ) | |
| | ) | |
| | ) | Related Appeal Pending, |
| | ) | No. A084106 (Div. 1) |
| | ) | |
| | ) | |
| John S. Morgan, Petitioner | ) | |
| | ) | |
| On Habeas Corpus. | ) | |

## PETITION FOR HABEAS CORPUS

Judy Behrendt
Attorney at Law
State Bar Number 121763
845 Jefferson St.
Napa, California 94559
Telephone: (707) 252-2001

Counsel for Petitioner by
Appointment of the Court of
Appeal under the First
District Appellate Project
Assisted Case System

# TOPICAL INDEX

TABLE OF AUTHORITIES ............................................................... ii

PETITION FOR HABEAS CORPUS .............................................. 1

VERIFICATION ........................................................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 8

INTRODUCTION.............................................................. 8

ARGUMENT .................................................................... 9

I.    PETITIONER WAS DENIED HIS RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL IN THAT HIS
COURT-APPOINTED COUNSEL FAILED TO OBJECT TO
THE INTRODUCTION OF INADMISSIBLE AND PREJUDICIAL
EVIDENCE...........................................................................9

II.    A DENIAL OF A WRIT OF HABEAS CORPUS BASED ON
*IN RE SWAIN* (1949) 34 CAL.2D 300, IS NOT A RULING ON THE
MERITS AND IS WITHOUT PREJUDICE.......................................16

CONCLUSION.................................................................. 17

EXHIBIT A

# TABLE OF AUTHORITIES

**CASES**                                                                Page(s)

*In re Jones* (1996) 13 Cal.4th 552....................................................12, 13, 14

*In re Julius B.* (1977) 68 Cal.App.3d 395 ....................................................12

*In re Swain* (1949) 34 Cal.2d 300.........................................................4, 16

*People* v. *Humphrey* (1996) 13 Cal.4th 1073.............................................14

*People* v. *Ledesma* (1987) 43 Cal.3d 171.................................................9, 13

*People* v. *Lewis* (1990) 50 Cal.3d 262........................................................13

*People* v. *Pope* (1979) 23 Cal.3d 412 ........................................................14

*Strickland* v. *Washington* (1984) 466 U.S. 668 .........................................3, 9

**STATUTES**

Evidence Code section 452 ...........................................................................3

Evidence Code sections 459 .........................................................................3

Penal Code section 272 ................................................................................2

Penal Code section 288 ................................................................................1

Penal Code section 647.6, subdivision (a)...................................................2

**CONSTITUTIONAL PROVISIONS**

California Constitution, Article I, section 15...............................................2, 9

United States Constitution, Fourteenth Amendment .......................................2

United States Constitution, Sixth Amendment............................................2, 9

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION ONE

|  |  |  |
|---|---|---|
| In the matter of | ) | No. _____ |
|  | ) |  |
|  | ) | Related Appeal Pending, |
|  | ) | No. A084106  (Div. 1) |
|  | ) |  |
| John S. Morgan, Petitioner | ) | PETITION FOR A WRIT |
|  | ) | OF HABEAS CORPUS |
| On  Habeas Corpus. | ) |  |
|  | ) |  |

## PETITION FOR HABEAS CORPUS

TO:    THE PRESIDING JUSTICE AND THE ASSOCIATE JUSTICES OF THE COURT OF APPEAL, FIRST APPELLATE DISTRICT, DIVISION 1:

Petitioner, John S. Morgan, by and through his attorney, petitions for a writ of habeas corpus and by this verified petition states as follows:

I.    Petitioner is unlawfully confined at Mule Creek State Prison pursuant to a sentence of the Superior Court of the State of California, Lake County, which is pending on appeal in this Court, No. A084106.

II.    In case no. CR-4609, petitioner was committed to state prison on July 31, 1998, following a jury trial in which petitioner was found guilty of annoying or molesting a child under eighteen years with a prior conviction

1

of Penal Code section 288[1] (§647.6, subdivision (a)), and two counts of
contributing to the delinquency of a minor (§272). Probation was denied
and petitioner was sentenced to 12 years in state prison.

III. Petitioner suffers from illegal restraint because he was deprived of the
effective assistance of counsel prior to and during his trial in violation of the
Sixth and Fourteenth Amendments to the United States Constitution and
Article I, section 15 of the California Constitution, in that petitioner's court-
appointed counsel failed to object to the introduction of inadmissible and
prejudicial evidence at trial. Specifically, a police detective testified that he
previously had petitioner's telephone number. (RT 115) Additionally,
during a telephone conversation between the police detective and petitioner
that was played for the jury, the detective explained to petitioner why he
was calling: "[t]rying to find out why you're telling these guys *again* that
you want to do this to them?" (RT 120) Later in the conversation, almost
immediately following a discussion of the current offense, the detective
engaged petitioner in a conversation about why petitioner was walking past
a school a few days earlier. (RT 123) The effect of this evidence - that the
detective knew petitioner's phone number, that petitioner was "again"
saying things to minors, and that it was of concern to the police that he was
seen near a school - was to inform the jury that petitioner had a known

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

history of inappropriate conduct with minors. Petitioner's trial attorney failed to object to any of this evidence that served to inform the jury that petitioner was known to the police for molesting minors.

IV.   Trial counsel has failed to respond to numerous efforts to communicate with him, both by telephone and letter; therefore, it has not been possible to determine any reasons he may have had for failing to object to this evidence. In an attempt to contact trial counsel in December, 1998, trial counsel answered the telephone and stated that he would return the call shortly. No return call was received. During a six week period in December, 1998 and January, 1999, approximately eight messages were left for trial counsel, none of which were returned. A letter sent to trial counsel on January 11, 1999, likewise, received no response.

V.   It is reasonably probable that had trial counsel objected to this highly inflammatory character evidence, the evidence would have been excluded and an outcome more favorable to petitioner would have resulted. Given the strong public sentiment against child molesters, it is reasonably probable that this evidence significantly impacted the jury in reaching a verdict adverse to petitioner. "[T]he trial cannot be relied on as having produced a just result." (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)

VI.    Petitioner previously filed a petition for a writ of habeas corpus based on the same issues complained of herein.  Said petition was denied by this Court, citing *In re Swain* (1949) 34 Cal.2d 300, 304.  Petitioner interprets this Court's reference to *In re Swain* as a denial not based on the merits and "without prejudice to the filing of a new petition" that alleges with particularity sufficient facts for issuance of a writ.  (*In re Swain, supra*, 34 Cal.2d at p. 304)

VII.   Petitioner raises the claim in his direct appeal that his court-appointed counsel was ineffective on the grounds that there could be no tactical justification for trial counsel's failure to object to the admission of certain evidence.  The present petition is ancillary to the related direct appeal and is made in order to bring before the Court facts outside of the record necessary and helpful to the just disposition of this case.

VIII.  Petitioner believes that the record on his direct appeal is sufficient to entitle him to reversal of the judgment based upon the issues raised therein, but if it is not then petitioner has no other plain, speedy, or adequate remedy at law.

IX.    This petition is being presented to this Court in the first instance pursuant to the Court's original habeas corpus jurisdiction because petitioner's

4

appeal and the accompanying record on appeal are currently on file in this Court and are not final.

X.     Petitioner incorporates herein by reference the accompanying Memorandum of Points and Authorities, Declarations, and Exhibits, and all the transcripts, records, and other documents on file with this Court in <u>People v. John S. Morgan</u>, No. A084106.  Petitioner hereby requests under Evidence Code sections 452 and 459 that this Court take judicial notice of the appellate record and the briefs on file in No. A084106.

WHEREFORE, petitioner respectfully requests:

1.     That this Court take judicial notice of the records, briefs, and exhibits in the related appeal (No. A084106);

2.     That this Petition be consolidated for consideration with the appeal in No. A084106;

3.     That an order to show cause issue to the Director of the California State Prisons (Department of Corrections), returnable before this Court, to inquire into the legality of petitioner's present commitment;

4.     In the event that this Court concludes that an evidentiary hearing is required in this matter, that this Court order such hearing to be held;

5.      That after such hearing, if any, the writ issue vacating the judgment and ordering that petitioner be discharged from the aforementioned restraint; and

6.      That such other relief as the Court deems appropriate in the interest of justice be granted.

Respectfully submitted,

Judy Behrendt
Counsel for Petitioner

6

## VERIFICATION

I, Judy Behrendt, state as follows:

I am an attorney admitted to practice in California and I have my office in the City of Napa, County of Napa. I am counsel for petitioner herein and am authorized to file this petition. Petitioner is unable to make verification because he is absent from the county in which I have my office. For that reason, I make this verification on petitioner's behalf.

I have read the foregoing petition and verify that all the facts alleged therein are supported by citations to the record or by declarations attached hereto.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Napa, California on this 18 day of June, 1999.


Judy Behrendt
Attorney at Law

7

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

The facts and procedural history of this case are set forth in the record and petitioner's opening brief in the related direct appeal currently pending before this Court. (***People v. John S. Morgan***, Court of Appeal No. A084106.) Petitioner respectfully refers the Court to those documents.

In his direct appeal, petitioner argued that he was denied his right to the effective assistance of counsel by his attorney's failure to object to the admission of inadmissible evidence. The present petition is filed in the event the Court considers that the record on appeal is insufficient to support this claim. This petition is also filed to preserve petitioner's right to seek further review.

8

## ARGUMENT

**I.    PETITIONER WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN THAT HIS COURT-APPOINTED COUNSEL FAILED TO OBJECT TO THE INTRODUCTION OF INADMISSIBLE AND PREJUDICIAL EVIDENCE.**

Under the state and federal constitutions (U.S. Const., Amend. VI; Cal. Const., art. I, § 15), petitioner had the right to expect that trial counsel would make "a rational and informed decision on strategy and tactics founded on adequate investigation and preparation." (*People* v. *Ledesma* (1987) 43 Cal.3d 171, 215 [citations omitted].) "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process, that the trial cannot be relied on as having produced a just result." (*Strickland* v. *Washington* (1984) 466 U.S. 668, 687.)

At petitioner's trial, his attorney failed to object to inadmissible evidence which informed the jury that petitioner had a known history of molesting minors. This evidence was introduced through a tape of a telephone conversation between petitioner and a law enforcement detective. The detective telephoned appellant in December, 1997, when a vandalism

9

investigation involving damage done to appellant's brother's car disclosed

the allegations at issue. (RT 115) The detective testified that he previously

had petitioner's telephone number. (RT 115) During his conversation with

petitioner, the detective made statements implying that petitioner had

previously been involved in inappropriate incidents involving minors. An

excised recording of this phone conversation was marked as "exhibit 3" and

played for the jury.[2]

During part of the conversation played for the jury, the detective

explained to petitioner why he was calling: "[t]rying to find out why you're

telling these guys *again* that you want to do this to them?" (RT 120) Later

---

[2]      As noted in Appellant's Opening Brief, the reporter's transcript of the tape
recording contains several significant variations from the transcript of the
recording marked as "exhibit 2" which was verified as accurate by the detective
who participated in the conversation. Petitioner intends to file notice with the
clerk of the superior court to transmit the tape recording to the Court pursuant to
California Rules of Court Rule 10(d). The following are two important examples
of variations:

  1) Exhibit 2:  "I told him I was sick, and I wanted to do something that I
          knew was wrong, *and I wasn't going to do it.*"

     Reporter's transcript:  "I told him I was sick, and I wanted to do
          something that I knew was wrong. *And I wanted to go down.*"
          (RT 121)

  2) Regarding how appellant knew the minor:

     Exhibit 2:  "Then I got to known [sic] *his dad.* We became drinking
          buddies."

     Reporter's transcript:  "Then I got to know *him.* We became drinking
          buddies." (RT 125)

in the conversation, almost immediately following a discussion of what

petitioner said to the minor, the detective engaged petitioner in a

conversation about why he was walking past a school a few days earlier:

| | |
|---|---|
| Detective: | Is that why you were going down by Burns Valley the other day? |
| Petitioner: | I went to the post office to pick up my key and mail and get a haircut. |
| Detective: | Okay. Because, you know, Dewey saw you walking past the Burns Valley School? |
| Petitioner: | Burns Valley School? |
| Detective: | Yeah. |
| Petitioner: | Oh, okay. There's a bus stop right there now, around 5:00?[3] |
| Detective: | Uh-huh. |
| Petitioner: | Right there at the -- the -- well, there's a big fence around it. |
| Detective: | Yeah. |
| Petitioner: | Yeah, ain't nothing to that. |
| Detective: | I'm just making sure. I've got to check up and make sure you're on the up and up, you know. |

(RT 123)

---

[3]    Exhibit 2 transcribes "now, around 5:00" as "that new Route 5."

11

The effect of this evidence - that the detective knew petitioner's phone number, that petitioner was "again" saying things to minors, and that it was of concern to the police that he was seen near a school - was to inform the jury that petitioner had a known history of inappropriate conduct with minors. Why else would the detective know petitioner's telephone number? Why else would law enforcement notice or care whether petitioner was near a school? The jury could not help but draw the conclusion, based on this testimony, that petitioner was known to the police for prior inappropriate conduct with underage boys. These statements constituted inadmissible character evidence of the most inflammatory variety. The evidence should have been excluded.

"An important part of defense counsel's job is to seek exclusion of evidence that is critical to the prosecution's case or that is highly prejudicial." (*In re Jones* (1996) 13 Cal.4th 552, 582.) "[W]hen counsel fails to object to the admission of legally inadmissible and harmful evidence, constitutionally inadequate representation may result." (*In re Julius B.* (1977) 68 Cal.App.3d 395, 402) Although trial counsel objected generally to the admissibility of petitioner's conversation with the detective based on the sufficiency of the voice identification, he failed to set forth specific objections to the statements discussed above. By failing to object

12

specifically to this evidence as inadmissible character evidence, counsel

permitted the jury to be informed of petitioner's prior history, the very

information that counsel had sought to exclude by bifurcating trial on

petitioner's prior convictions and attempting to limit impeachment evidence

in the event petitioner were to testify.

In order to establish ineffective assistance of counsel, petitioner must

prove by a preponderance of evidence that:

> . . . (1) counsel's representation was deficient in falling below
> an objective standard of reasonableness under prevailing
> professional norms, and (2) counsel's deficient representation
> subjected the petitioner to prejudice, i.e., there is a reasonable
> probability that, but for counsel's failings, the result would
> have been more favorable to the petitioner.

(*In re Jones*, *supra*, 13 Cal.4th at p.561; *People* v. *Ledesma*, *supra*, 43

Cal.3d at pp. 216, 217, 218; *People* v. *Lewis* (1990) 50 Cal.3d 262, 288)

There is no apparent reason why petitioner's trial counsel failed to

seek exclusion of these damaging statements. In fact, permitting such

evidence to come before the jury undermined counsel's strategy of keeping

petitioner's prior history from the jury. No strategic purpose conceivably

could have been served by failing to object to this evidence. Trial counsel's

representation was deficient.

13

Trial counsel has not responded to numerous attempts to contact him regarding this case and has offered no explanation for his failure to object to this evidence. (See Declaration of Judy Behrendt, attached hereto as "Exhibit A") Trial counsel's silence suggests that he has no explanation for his failure to object to this evidence. If this court were to issue an order to show cause, trial counsel could be subpoenaed to an evidentiary hearing and any reasons he may have had for failing to object to this evidence could be evaluated by a finder of fact.

The performance of trial counsel in failing to object to highly prejudicial evidence fell below that which is expected of a "reasonably competent attorney acting as a diligent, conscientious advocate." (*In re Jones*, *supra*, 13 Cal.4th at p. 565, citing *People* v. *Pope* (1979) 23 Cal.3d 412, 424.) The standard for review when evidence is erroneously admitted is whether there is a reasonable probability that the outcome was adversely affected. (*People* v. *Humphrey* (1996) 13 Cal.4th 1073, 1089) Reviewing the evidence under this standard, it is reasonably probable that the admission of highly prejudicial character evidence suggesting that petitioner was a repeat child molester affected the outcome of petitioner's trial. The cumulative effect of counsel's performance in this regard combined with the admission over counsel's objection of additional inadmissible character

14

evidence (see Appellant's Opening Brief) renders it reasonably probable that an outcome more favorable to petitioner would have resulted if not for counsel's failings.

## II.    A DENIAL OF A WRIT OF HABEAS CORPUS BASED ON *IN RE SWAIN* (1949) 34 CAL.2D 300, IS NOT A RULING ON THE MERITS AND IS WITHOUT PREJUDICE.

Citing *In re Swain, supra*, 34 Cal.2d at p. 304, this court denied petitioner's original Petition for Habeas Corpus. In *In re Swain*, the court stated: ". . . our determination that the vague, conclusionary allegations of the present petition are insufficient to warrant issuance of the writ is not a ruling on the merits of the issues which petitioner has attempted to raise [citations omitted]." (*In re Swain, supra*, 34 Cal.2d at pp. 303-304) The court went on to note that its denial of the writ was without prejudice to the filing of a new petition complying with the requirement of alleging sufficient facts in the petition.

Therefore, petitioner is refiling this writ setting forth specific facts in the petition which form the basis for the relief sought.

## CONCLUSION

Counsel's errors deprived petitioner of a fair trial and the petition for a

writ of habeas corpus should be granted.

Respectfully submitted,

Judy Behrendt
Counsel for Petitioner

17

EXHIBIT A

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION ONE

In the matter of                                    No._____

                                                    Related Appeal Pending,
                                                    No. A084106 (Div. 1)

                                                    DECLARATION OF
John S. Morgan, Petitioner                          JUDY BEHRENDT

On Habeas Corpus.

_____

I, JUDY BEHRENDT, declare as follows, under penalty of perjury:

1. I am an attorney licensed to practice law in the State of California, and I am counsel of record by appointment of the court for the petitioner in the action herein.

2. In preparation of the appeal in this case, I made numerous attempts to contact petitioner's trial counsel, Stephen Carter. In December, 1998, on my first attempt to contact Mr. Carter, I spoke briefly to an individual who identified himself as Stephen Carter. I advised him of my representation of petitioner and that I wanted to speak with him about the case. Mr. Carter took my telephone number and said he would call me right back. I did not

1

receive a call back from Mr. Carter on that date or ever in response to numerous subsequent messages I left him on his answering machine over a six week period in December, 1998 and January, 1999. I sent Mr. Carter a letter on January 11, 1999, to which I also received no response.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Executed this 18th day of June, 1999, at Napa, California.

Judy Behrendt
Declarant

2

## DECLARATION OF SERVICE

Re:    *In re John S. Morgan*                    No.

I, Judy Behrendt, declare that I am over eighteen years of age, and not a party to the within cause; my employment address is 845 Jefferson St., Napa, California 94559.  I served a true copy of the attached:

PETITION FOR HABEAS CORPUS

on each of the following, by placing same in an envelope (or envelopes) addressed (respectively) as follows:

Office of the Attorney General
455 Golden Gate Ave., #6200
San Francisco, California 94102

Mr. John S. Morgan #P05991
M.C.S.P. C-15-234-U
P.O. Box 409000
Ione, CA  95641

Stephen C. Carter
P.O. Box 1517
Lower Lake, CA  95457

First District Appellate Project
730 Harrison St.  Ste. 201
San Francisco, California 94107
Attn: Jonathan Soglin

Office of the County Clerk
County of Lake - Courthouse
Lakeport, CA  95453
Attn: Honorable Arthur H. Mann

Office of the District Attorney
255 North Forbes Street
Lakeport, CA  95453

Each envelope was then, on June 22, 1999, sealed and deposited in the United States Postal Service at Napa, California, in the county in which I am employed, with the first class postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Napa, California, this 22nd day of June, 1999.

Judy Behrendt