# EXHIBIT 12

Name ___John S. Morgan    P-05991___

Address ___M C S P      C-15-104-U___

___P O Box           409000___

___Ione, CA     95640-9000___

CDC or ID Number ___P-05991___

**FILED**
SUPERIOR COURT
COUNTY OF LAKE

OCT 1 0 2000

Adam Ayala, Clerk
By _Cen Mullsa_
Deputy Clerk

___Lake County Superior Court___

___Lakeport, CA 95453___
(Court)

| | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|
| ___John S. Morgan___ Petitioner vs. | No. **CR 4842-ZZ** (To be supplied by the Clerk of the Court) |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(f)(1) of the California Rules of Court (as adopted effective January 1, 1992). Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved

This petition concerns:

| | |
|---|---|
| __XX__ A conviction | _____ Parole |
| _____ A sentence | _____ Credits |
| _____ Jail or prison conditions | _____ Prison discipline |
| _____ Other (specify): _____ | |

1. Your name: John Steven Morgan

2. Where are you incarcerated? Mule Creek State Prison

3. Why are you in custody? [ ] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. If criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon") or state reason for civil commitment: Annoy or Molest a Minor

b. Penal or other code sections: PC 647.6

c. Name and location of sentencing or committing court: Lake County Superior Court
Lakeport CA 95453

d. Case number: CR 4609

e. Date convicted or committed: June 1998

f. Date sentenced: July 1998

g. Length of sentence: 12 Years

h. When do you expect to be released? My EPRD is 07-10-2007

i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address: Stephen Carter, Public Defender
Lake County, California

4. What was the LAST plea you entered? (check one)
[XX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other _____

5. If you pleaded not guilty, what kind of trial did you have?
[xx] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. (For example, "the trial court imposed an illegal enhancement.") *If you have additional grounds for relief, use a separate page for each ground. Page 4 is designed so you can state ground 2. For additional grounds, make copies of page 4 and number the additional grounds in order.*

Ineffective Assistance of Council

_____

_____

_____

_____

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

See Attachment (Page 3a).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

_____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS

6. GROUNDS FOR RELIEF:
   Ineffective Assistance of Council

a. Supporting facts:
   1.) Public Defender did not interview me in depth to learn
   my story, nor did he take a full and complete statement.
   2.) Public Defender did not inform me what were the require-
   ments for a finding of guilt in this matter. I did not dis-
   cover said requirements until during the trial when the Dist
   rict Attorney presented said requirements to the jury.
   3.) Public Defender declined my admonition to put me on the
   stand to testify on my own behalf, even though I was facing
   the maximum sentence allowable by law.
   4.) Public Defender did use "victim's" story as a basis for
   his closing arguement in attempt to make me look "not so bad
   of a guy." in effect, not trying to prove my innocence, but
   looking for a lighter sentence.

b. Supporting cases, rules, or other authority:
   1.) A case recently in Sacramento (1998 or 1999) that never
   made it to trial, involved a man who contacted and subsequent-
   ly made a liason with whom he thought to be a 14 year old boy.
   His stated purpose was to have sex with that 14 year old boy.
   When he arrived at the predestinated place, he was arrested
   by the female officer who posed as that 14 year old boy on the
   internet. Apparently, he came equipped with his tape recor-
   der, note pads and pens. He was able to show that he was an
   accomplished author who was gathering information on teenage
   sexuality (as I understood the news report). He was released
   after arraignment or one of the following court appearances.

c.) My story:
   I had a problem, and I told the "victim" that I had a problem.
   I told the "victim" why I had this problem, and I told the
   "victim" what I decided to do about this problem as far as it
   concerned him. I told him that, when a person has homosexual
   experiences in the past, that person might be subject to homo-
   sexual desires in the present or the future. I told him that
   he was a good looking young lad and that he might find that
   older males in this world might find them attracted to him.
   I told him that, for these reasons, he and I should not con-
   tinue to be friends.
   My motivation for telling him that I had such desires was not
   in the pursuit of those desires, but in avoiding such situa-
   tions that propogate such desires; and I deemed continuing
   association with him to be one of those situations.

   This is my statement, and I can elaborate on it at a jury
   trial, something that the ineffective assistance of my at-
   torney did not allow to be brought to light. Something that
   my Public Defender could not conceive because his assistance
   was indeed ineffective.

7. Ground _ *(if applicable)*:

_____

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

MC-275                                                        Page 4

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No.    If your answer is yes, give the following information about your appeal:

Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court")

 Court of Appeal, State of California, First Appellate District Division 1

Result  Denied _____ Date of decision  08-04-1999

Case number or citation of opinion, if known  A084106  ??

Issues raised: a.   Ineffective Assistance of Council????

b. _____

c. _____

d. _____

Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known.

  Judy E. Behrendt  . Napa, CA  (707) 252-2001

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. Result  denied

Date of decision  10-20-99  Case number or citation of opinion, if known  A084106 ???  S082280 ???

Issues raised: a.   Ineffective Assistance of Council

b. _____

c. _____

d. _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:  Communication Breakdown
_____
_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In Re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)

Explain what administrative review you sought or explain why you did not seek such review:
_____
_____
_____
_____
_____
_____
_____
_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No. XX I Don't Know .
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you previously filed any petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. (1) Name of court _____

   Nature of proceeding (for example, "habeas corpus petition") _____

   Issues raised:  a. _____

   b. _____

   c. _____

   Result (Attach order, if available) _____    Date of decision _____

   (2) Name of court _____

   Nature of proceeding _____

   Issues raised:  a. _____

   b. _____

   c. _____

   Result (Attach order, if available) _____    Date of decision _____

   *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result.

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain (1949) 34 Cal.2d 300, 304.*) _____

_____

_____

_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known.

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. *If yes, explain.*

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court.

   I was hoping that this was a lawful petition. That Public Defender and I just didn't communicate with each other very well.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: Sept. 24, 2000

_____
(Signature of Petitioner)