1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
14

JOHN STEVEN MORGAN,                    )
                Petitioner,                   )
          vs.                                             )
RODNEY K. MITCHELL, Sheriff,    )
             Respondent(s).                )
_____ )

No. C 07-6477 CRB (PR)

ORDER GRANTING
MOTION TO DISMISS

(Docket # 13)

15
16
17
18
19
20
21
22
23
24
25
26
27
28

       Petitioner, a state prisoner currently incarcerated at the Lake County Jail on a parole violation, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1998 conviction from Lake County Superior Court.  Per order filed on April 18, 2008, the court found that, when liberally construed, the petition for a writ of habeas corpus stated cognizable claims for relief under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent instead  filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d).  Petitioner filed an opposition and respondent filed a reply.  (Petitioner also filed an unsolicited response to respondent's reply.)

I

Petitioner was convicted by a jury of one count of annoying or molesting a child under 18 with a similar prior conviction and two counts of contributing to the delinquency of a minor.  Petitioner admitted that he had suffered a prior felony "strike" conviction and, on July 31, 1998, was sentenced to 12 years in state prison pursuant to California's Three Strikes Law.

On August 4, 1999, the California Court of Appeal affirmed the judgment of the superior court and, on October 20, 1999, the Supreme Court of California denied review.

On October 10, 2000, petitioner filed a petition for a writ of habeas corpus in Lake County Superior Court.  It was denied on November 3, 2000.

On September 6, 2002, petitioner filed a motion for a new trial in Lake County Superior Court.  It was denied "a short time later."  Pet. at 8.[1]

On December 10, 2006, petitioner filed a petition for a writ of habeas corpus in Lake County Superior Court.  It was denied on February 23, 2007.

On December 27, 2007, petitioner filed the instant federal petition for a writ of habeas corpus.

On June 16, 2008, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  It was denied on June 25, 2008.

On July 15, 2008, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California.  It was denied on August 13, 2008.

/

/

---

[1]Although the superior court cannot locate a copy of the order denying the September 6, 2002 motion for a new trial, petitioner asserts that it was denied "a short time" after it was filed.  Pet. at 8.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of certiorari from the Supreme Court of the United States after the Supreme Court of California denied review on October 20, 1999, his process of direct review came to an end on January 18, 2000, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.

3

2002); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner therefore had until January 18, 2001 to file a federal habeas petition within the one-year limitation period. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). The instant petition was not filed until December 27, 2007. It is untimely unless the limitation period was tolled for a substantial period of time.

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Supreme Court held that the limitation period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. 536 U.S. at 219-21. In California, where prisoners generally use the state's "original writ system," this means that the limitation period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See <u>id.</u> at 221-25.

The rationale of <u>Carey</u> does not entitle petitioner to interval tolling under § 2244(d)(2) for the time period between November 3, 2000 (the date on which the state superior court denied petitioner's first state habeas) and September 6, 2002 (the date on which petitioner filed his motion for a new trial in state superior court), or December 10, 2006 (the date on which petitioner filed his second state habeas in state superior court), because petitioner was not seeking review in a higher court. The Supreme Court noted that a California prisoner who, like

4

petitioner, files a "subsequent and similar petition in another lower court (say, another trial court) will likely find consideration of that petition barred as successive." <u>Carey</u>, 536 U.S. at 222 (citing <u>In re Clark</u>, 5 Cal. 4th 750, 767-71 (1993)).  By contrast, a prisoner who files the same petition in a higher, reviewing court will find that he can obtain appellate review.  <u>Id.</u> (citing <u>In re Resendiz</u>, 25 Cal. 4th 230, 250 (2001).  Only the latter is entitled to tolling for the interval between the denial of the first petition and the filing of the next one.  <u>See id.</u> at 221-25; <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1005 (9th Cir. 1999) (limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level").[2]

Here, the one-year limitation period began running against petitioner the day after his process of direct review came to an end on January 18, 2000, and ran unabated until October 10, 2000 (264 days), when petitioner filed his first habeas petition in state superior court.  The limitation period was then tolled under § 2244(d)(2) while the petition was pending in state superior court.  But once the petition was denied on November 3, 2000, petitioner only had 101 days remaining, or until February 11, 2001, to file a federal petition of time.  He did not file until December 27, 2007.

/

---

[2]Even before <u>Carey</u>, the Ninth Circuit declined to extend "interval tolling" to intervals other than the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level.  <u>See, e.g.</u>, <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001) (finding that limitation period was not tolled during gap between successive state habeas petitions filed in the state's highest court); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002) (finding that limitation period was not tolled during gap between first set of state habeas petitions (superior court, court of appeal and supreme court) and second set of state habeas petitions (superior court, court of appeal and supreme court)).

It matters not that petitioner filed several state habeas petitions after the one-year limitation period expired on February 11, 2001.  A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations."  Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

### III

Petitioner claims he is entitled to equitable tolling of the one-year limitation for a variety of reasons.  He first argues that he was "impeded [from] seeking relief" because he "was informed" that after direct appeal in the state courts he needed to go to federal court but did not have the "20 to 30 thousand dollars" necessary to hire counsel and, in addition, he did not believe the issues he had raised were "worthy" of pursuing in federal court.  Opp'n at 2.  He contends that he did not understand which issues pertained to his case.  Id.

Petitioner next argues that, because his crimes were sex-related, he did not "feel comfortable" asking another inmate or jailhouse lawyer for advice.  Id.  In fact, he contends that, because of his sex-related offenses, he was subject to assaults by other inmates and it was therefore "very difficult to conduct research at the institutional legal resource libraries."  Id. at 3.

Petitioner finally argues that he is entitled to equitable tolling because "before and during petitioner's trial, through petitioner's [d]irect [a]ppeal process, and beyond the time of petitioner's submission of other motions and writs,

petitioner was suffering from paranoid schizophrenia." Id.  He further contends that he suffers from an unnamed mental disorder that affects his "ability to interact socially,"  id. at 3-4, as well as from "depression [and] anxiety, affecting petitioner's ability to plot out a reasonable course of action regarding seeking relief in this matter," id. at 4.

Equitable tolling is applicable only "'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Beeler, 128 F.3d at 1288). The prisoner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  He must also "show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Equitable tolling is justified in few cases.  Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner's arguments and contentions in support of his claim for equitable tolling are without merit.  A petitioner's pro se status and lack of legal sophistication are not extraordinary circumstances warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).  Nor is limited access to the prison law library – it generally suffices to have access to one's legal materials, which most prisoners keep in their cells, and some degree

of access to a library or paging system.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003); see also Hardy v. Conway, 299 F. Supp. 2d 159, 161 (E.D.N.Y. 2004) (restricted access to law library generally does not constitute extraordinary circumstance).

Mental incompetence may constitute an extraordinary circumstance warranting equitable tolling.  Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003).  But petitioner's unsupported references to schizophrenia and depression are not enough to establish mental incompetence.  To establish a credible equitable tolling claim based on mental incompetence, a petitioner must do more than claim mental ailments.  He must meet the "burden of showing that the mental health problems rendered him unable to file a habeas petition during the one year limitations period." Brown v. McKee, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002).  Petitioner does not (and cannot) make this requisite showing because the record makes clear that he was able to file a habeas petition in state court before the one-year limitation period expired, and was able to file several other petitions and motions in state court before finally filing the instant petition in federal court.  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (whether prisoner was able to file prior habeas petition in state court is important factor in determining whether he was unable to file a timely petition in federal court).  In fact, the various habeas petitions and motions petitioner filed in state court before finally filing in federal court highlight the fact that petitioner has not shown that any of the alleged impediments were the cause of his untimeliness.  See Spitsyn, 345 F.3d at 799.

That petitioner is not entitled to equitable tolling in this matter is further supported by his lack of diligence.  See Pace, 544 U.S. at 418.  Petitioner waited nine months after his process of direct review became final before filing his first

1   habeas petition in state superior court.  Following that petition's denial, he did not

2   proceed to the state court of appeal, but instead waited 22 months to file a motion

3   for a new trial in the same superior court.  And after that was denied, he did not

4   proceed to the state court of appeal, but waited six years, until his parole was

5   revoked, to file a federal petition.  (Petitioner did not seek habeas relief from the

6   state court of appeal and supreme court until after his filing in federal court.)

7                                                 IV

8           For the foregoing reasons, respondent's motion to dismiss the petition as

9   untimely (docket # 13) is GRANTED.

10          The clerk shall enter judgment in favor of respondent, terminate all

11  pending motions as moot and close the file.

12  SO ORDERED.

13  DATED: Dec. 15, 2008          _____

14                                               CHARLES R. BREYER
                                                 United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\CRB\HC.07\Morgan, J1.mtd.wpd                    9