|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 |   |   |
| 6 |   |   |
| 7 |   |   |
| 8 |   |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JOHN STEVEN MORGAN,           )                              |
|            Petitioner,        )  No. C 07-6477 CRB (PR)      |
|      vs.                      )                              |
| RODNEY K. MITCHELL, Sheriff,  )                              |
|            Respondent.        )                              |
| _____ )                              |
| JOHN STEVEN MORGAN,           )                              |
|            Petitioner,        )  No. C 15-0726 CRB (PR)      |
|      vs.                      )  ORDER                       |
| BRIAN MARTIN, Sheriff,        )                              |
|            Respondent.        )                              |

On December 27, 2007, John Steven Morgan, while incarcerated at the Lake County Jail on a parole violation, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1998 conviction from Lake County Superior Court. See Morgan v. Mitchell, No. 07-6477 CRB (PR) (N.D. Cal. filed Dec. 27, 2007). But unfortunately for him, on December 15, 2008, the petition was dismissed as untimely under 28 U.S.C. § 2244(d). Morgan did not appeal.

On February 17, 2015, Morgan, while incarcerated again at the Lake County Jail on an apparent new parole violation, submitted to the court for filing what appeared to be a new habeas petition challenging the 1998 conviction from Lake County Superior Court. The petition was filed as a new habeas action. See Morgan v. Martin, No. C 15-0726 CRB (PR) (N.D. Cal. filed Feb. 17, 2015). But because the petition was not submitted on the court's form and was not accompanied by the requisite filing fee or a completed application to proceed in forma pauperis (IFP), the court gave Morgan 28 days to file the petition on the proper form and to pay the requisite filing fee or file a completed IFP application.

On March 9, 2015, Morgan instead filed a letter informing the court that he intended to file the new petition with the Ninth Circuit Court of Appeals rather than "again" with this court. Dkt. #6 at 1. He also requests a certificate of appealability (COA) to the Ninth Circuit.

Good cause appearing therefor, the new petition is construed as a notice of appeal of the December 15, 2008 dismissal of Morgan's habeas petition in Morgan v. Mitchell, No. 07-6477 CRB (PR). The clerk is instructed to close Morgan v. Martin, No. 15-0726 CRB (PR), as improvidently opened, and to file Morgan's new petition (dkt. #1) as a notice of appeal in Morgan v. Mitchell, No. 07-6477 CRB (PR). The notice of appeal shall be deemed filed on February 17, 2015 (the date on which it was filed as a new petition) and a copy of this order shall be filed in both Morgan v. Martin, No. 15-0726 CRB (PR), and Morgan v. Mitchell, No. 07-6477 CRB (PR).

A COA is DENIED because Morgan has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Morgan has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Nor has Morgan demonstrated that he is entitled to an extension of time to appeal.

     The clerk shall forward to the Ninth Circuit the case files with this order. <u>See</u> <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).

SO ORDERED.

DATED: <u>March 24, 2015</u>              _____
                                                CHARLES R. BREYER
                                                United States District Judge

G:\PRO-SE\CRB\HC.15\Morgan, J.15-0726.dismissal.wpd